

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-27-2006

# Grajales v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1035

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Grajales v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1705.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1705

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1035
_____

JULIO CESAR CASTRILLON GRAJALES,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the Board of Immigration Appeals
INS No . A 79-408-142
Immigration Judge: Honorable Esmerelda Cabrera
_____

Submitted Under Third Circuit LAR 34.1(a) January 13, 2005

Before: ROTH, FUENTES, and ROSENN, Circuit Judges.

(Filed: January 27, 2006)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

Petitioner Julio Cesar Castrillon Grajales appeals the denial by the Board of

Immigration Appeals ("BIA") of his motion to reopen proceedings after it dismissed his

appeal of an order of removal because he failed to file a supporting statement or brief as

required.

At his asylum hearing, the Immigration Judge ("IJ") concluded that Grajales had failed to meet his burden of proof on his claims for asylum, 8 U.S.C. § 1158, withholding of removal, 8 U.S.C. § 1231(b)(3), and relief under Article 3 of the Convention Against Torture ("CAT"), see 8 C.F.R. § 1208.16, and ordered him removed. Grajales timely filed a notice of appeal, but the BIA dismissed the appeal because Grajales failed to file a brief or statement in support of his appeal. Grajales subsequently retained counsel and filed a notice to reopen proceedings with the BIA, arguing that he was prejudiced by the ineffective assistance of counsel when his attorney failed to file a brief with the BIA and wrongly counseled him that a brief was not necessary.

The BIA dismissed the motion to reopen because it was not filed within ninety days, as required by statute, and because Grajales had failed to comply with the requirements of In re Lozada, 19 I&N Dec. 637 (BIA 1988), for claims of ineffective assistance of counsel.

Grajales timely filed this appeal, arguing that the IJ erred in denying his petition for asylum, withholding of removal, and relief under the CAT, and that the BIA erred in dismissing his motion to reopen because he was prejudiced by the ineffective assistance of counsel, resulting in his failure to file a brief or supporting statement in support of his original appeal to the BIA of the IJ's adverse decision. The BIA denied Grajales's motion to reopen on December 7, 2004 in a *per curiam* order.

We have jurisdiction to review final orders of deportation pursuant to 8 U.S.C. §

2

1252. We conclude that the BIA did not abuse its discretion in dismissing his motion to reopen. We do not have jurisdiction to consider the merits of Grajales' appeal of the IJ's decision. Accordingly, we deny Grajales' petition for review and affirm the BIA's dismissal of his motion to reopen.

## I.

We dispense with a discussion of the factual basis of Grajales' asylum claim, as we write primarily for the parties and a discussion of the merits of his asylum claim is not necessary to the resolution of this case. Julio Cesar Castrillon Grajales is a thirty-six-year-old native of Colombia who entered the United States in July 2001, through the Miami airport, where he was interviewed by an asylum officer. The asylum officer concluded that he had demonstrated a credible fear of persecution and/or torture if he were returned to Colombia.

Accordingly, Grajales was allowed to enter the country. He was issued a Notice to Appear on July 11, 2001, and found subject to removal under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA").

At his hearing, Grajales provided testimony and documentary evidence of past harassment at the hands of Colombian paramilitaries, allegedly on the basis of his political opinions. The IJ concluded that Grajales had not proved a well-founded fear of persecution if he were returned to Colombia and therefore did not qualify for asylum. 8 U.S.C. § 1101(a)(42)(A). The IJ further determined that because the burden of proof for

withholding of removal and relief under the CAT are higher, Grajales did not qualify for other relief. 8 U.S.C. § 1231(b)(3)(A).

The order of removal was filed on November 5, 2002, and Grajales was given until December 5, 2002 to appeal. Grajales filed a notice of appeal *pro se* on November 25, 2002. At the time, he was assisted by Catholic Community Services, which helped him fill out the notice of appeal. On April 2, 2003, the BIA notified Grajales that he had until April 23, 2003 to submit his brief. Grajales never filed a brief. He reportedly consulted with an attorney at Catholic Community Services,[1] who told him that there was not enough time to prepare a brief, but that he should not worry because "nothing detrimental would result" from failure to file.

On February 20, 2004, the BIA issued a *per curiam* order dismissing the appeal. The BIA stated in its order that "[t]he appellant checked Box 8 on the Notice of Appeal (Form EOIR-26) indicating that a separate written brief or statement would be filed. Block 8 is immediately followed by a clear warning that the appeal may be subject to summary dismissal if a brief or statement is not filed." In addition, the briefing schedule sent to Grajales by the BIA contained a notice that failure to file a brief or statement in support of the appeal was grounds for dismissal. The BIA accordingly dismissed the appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(E).

---

[1] In its brief, the Government states that Grajales consulted with an attorney from a group called "Spirit of the Wind" in Morristown. The record does not contain adequate background to determine the basis of this claim, but for our purposes, the details of Grajales' ineffective assistance of counsel claim are not crucial.

Grajales subsequently retained counsel and filed a motion to reopen with the BIA, accompanied by a brief supporting Grajales's appeal of the asylum claim, on October 25, 2004. The BIA dismissed the motion to reopen on December 7, 2004, in a *per curiam* order. The BIA noted that Grajales had filed the motion more than five months after the expiration, on May 20, 2004, of the ninety-day filing period. See 8 C.F.R. § 1003.2(c)(2). The BIA found that Grajales did not qualify for any exceptions to the deadline because he had failed to meet the criteria in Lozada for a claim of ineffective assistance of counsel. The BIA accordingly denied Grajales' motions to reopen and stay removal. Grajales timely appealed.

II.

The two issues that we consider in this appeal are whether we have jurisdiction to consider the merits of the IJ's denial of Grajales's claims for asylum, withholding of removal, and relief under the CAT, and whether the BIA erred in denying Grajales's motion to reopen.

Whether to grant a motion to reopen is a discretionary decision of the BIA that we review for abuse of discretion. Mahmood v. Gonzales, 427 F.3d 248, 250 (3d Cir. 2005). Such a decision is not overturned unless "arbitrary, irrational, or contrary to law." Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994) (internal quotation omitted); Xu Yong Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). The BIA's underlying determination that Grajales did not present a meritorious claim for ineffective assistance of counsel is a

5

conclusion of law that we review *de novo*. De Leon-Reynoso v. Ashcroft, 293 F.3d 633, 635 (3d Cir. 2002).

Grajales asks this Court to review the BIA's order of December 7, 2004, denying his motion to reopen. He also challenges the merits of the IJ's decision. We do not have jurisdiction to review the merits of the IJ's decision, however, because Grajales did not file a timely appeal. The order of deportation became final on February 20, 2004, when the BIA dismissed Grajales's appeal of the IJ's decision for failure to file a supplemental statement or brief. Grajales was required to file a petition for review with this Court within thirty days. 8 U.S.C. § 1252(b)(1). He failed to do so, instead filing a late motion to reopen with the BIA.

Even if his motion to reopen had been filed with the BIA on time, the filing would not have tolled the time to file a petition for review of the underlying order of deportation. Stone v. INS, 514 U.S. 386, 394–395 (1995) (timely motion to reconsider does not toll the running of the period to file a petition for review of a final order of deportation). Furthermore, this Court may review a final order of deportation "only if the alien has exhausted all administrative remedies available to the alien as of right." § 1252(d)(1). Grajales did not exhaust his administrative remedies in this case because he did not timely appeal the IJ's decision to the BIA. This Court therefore lacks jurisdiction to review the merits of the IJ's denial of Grajales's claims for asylum and other forms of relief.

We also find that the BIA did not abuse its discretion in denying Grajales's motion

6

to reopen. With certain exceptions, a motion to reopen a final decision of the BIA must be filed no more than ninety days after the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). The BIA summarily dismissed Grajales's motion to reopen proceedings because it was filed on October 25, 2004, more than eight months after the BIA dismissed his appeal and entered a final order of deportation on February 20, 2004.

Grajales argues that his failure to file a motion to reopen in a timely fashion should be excused because it was caused by ineffective assistance of counsel. See Although there is no statutory exception to the deadline for motions to reopen on the grounds of ineffective assistance of counsel, see 8 U.S.C. § 1229a(c)(7)(C), this Court has held that ineffective assistance of counsel can provide a basis for equitable tolling of the deadline, see Mahmood, 427 F.3d at 251; accord Albillo-de Leon v. Gonzales, 410 F.3d 1090 (9th Cir. 2005); Iavorski v. INS, 232 F.3d 124 (2d Cir. 2000).

Grajales does not qualify for relief, however, because he has failed to meet a number of the requirements for establishing a claim for ineffective assistance of counsel under Lozada, 19 I&N Dec. 637, as well as the requirements for equitable relief under Mahmood.

Lozada requires an alien filing a claim for ineffective assistance of counsel to file an affidavit "attesting to the relevant facts." 19 I&N Dec. at 639. Lozada also requires the alien to inform the accused attorney of the allegations so that he may respond to the charges, and to file a complaint with appropriate disciplinary authorities, or, failing that,

7

to provide a reasonable explanation why no complaint was filed. Id. The alien must also demonstrate that he was prejudiced by counsel's errors. Id. at 640.

It appears that Grajales filed a satisfactory affidavit setting forth the circumstances that led to his failure to file a brief in support of his appeal. The BIA found, however, that Grajales had not complied with the second two requirements of Lozada because he neither filed a complaint with any disciplinary authority nor informed his former attorney of the allegations of ineffective assistance.

Grajales argues correctly that Lozada does not pose an absolute bar to claims that fail to meet this requirement. But such a failure may only be excused if the petitioner "provides a reasonable explanation for his or her decision." Lu v. Ashcroft, 259 F.3d 127, 134 (3d Cir. 2001). Grajales did not provide any explanation for his failure to file a complaint against Catholic Community Services or the individual lawyers who counseled him. Instead, he relies on the severity of the prejudice caused by counsel's asserted failure.

Under any fair reading of Lozada and Lu, Grajales has failed to satisfy the requirement to file a disciplinary complaint against his attorney or to provide a reasonable explanation for his failure to do so. Grajales also failed to inform prior counsel of the allegations of ineffectiveness, as required by Lozada. Accordingly, the BIA did not err in finding that Grajales had not met the requirements of Lozada.

In addition to the requirements of Lozada, an alien seeking equitable tolling due to

8

ineffective assistance of counsel must demonstrate the exercise of due diligence in pursuing his claim. Mahmood, 427 F.3d at 252. Grajales offers no explanation for why he failed to retain an attorney in time to file a timely motion to reopen after his appeal was dismissed by the BIA on February 20, 2004, for failure to file a brief or statement. Grajales had ninety days to file a motion to reopen, but he did not file for over eight months. 8 U.S.C. § 1229a(c)(7)(C)(i). He has provided no explanation for this delay. Accordingly, we find that Grajales did not exercise due diligence in pursuing his claim.

Because Grajales did not establish a claim for ineffective assistance of counsel or exercise due diligence in pursuing his claim, he is not entitled to equitable relief from the dismissal of his late-filed motion to reopen. Therefore, the BIA did not err in dismissing his late-filed motion to reopen.

III.

For the foregoing reasons, the petition for review is denied.