

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2006

# Wang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3751

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Wang v. Atty Gen USA" (2006). *2006 Decisions.* Paper 273.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/273

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3751
_____

KE YU WANG,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY,
                    Respondents
_____

On Petition for Review of a Final Order of Removal from
the Board of Immigration Appeals
(Board No. A77 027 174)


_____


Submitted Under Third Circuit LAR 34.1(a)
September 29, 2006
_____


Before: MCKEE and AMBRO, Circuit Judges, and
RESTANI*, Judge

(Filed: October 31, 2006)
_____

OPINION
_____


_____
        *Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

RESTANI, <u>Judge</u>.

Ke Yu Wang ("Wang") timely petitions for review of a denial by the Board of Immigration Appeals ("BIA") of his motion to reopen removal proceedings. We will deny the petition.

## I. Procedural and Factual Background

The essential facts are as follows. On May 24, 1998, Wang entered the United States without inspection. On August 17, 1998, his applications for asylum, withholding of removal, and relief under the Convention Against Torture were denied, and he was ordered to be removed to China. On June 18, 2002, the BIA affirmed the denials and order of removal. Wang did not seek court review. Instead, on September 26, 2002, he filed a motion to reopen the proceeding based on an alien worker certification by the Department of Labor, of which his employer was notified on September 9, 2002. The record is unclear as to the date Wang or his lawyer were notified of the certification. The motion was denied as untimely on March 17, 2004, as motions to reopen must be filed within 90 days of the challenged decision. No further action was taken on the first motion to reopen.

On May 9, 2005, Wang notified the relevant disciplinary authority of his belief that his attorney, Christina Marquez, had the requisite information to file a timely notice to reopen and that her representation was deficient. There is no indication that Ms. Marquez was notified of the charge at the same time. New counsel filed a second motion to reopen on May 26, 2005, after waiting in vain for government agreement to a joint motion based on the certification and the presence of the petitioner's son in the United States. On July 22,

2005, the BIA denied the new motion as late and as a successive motion, noting that counsel could have filed the second motion as early as November.

Wang petitions for review of the BIA's denial of his untimely and successive motion to reopen, arguing that he has established ineffective assistance of counsel to overcome the motion's lateness and successive nature.

## II. Discussion

We have jurisdiction pursuant to 8 U.S.C. § 1252 (2000). We review the BIA's denial of a motion to reopen for abuse of discretion. See Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003).

An alien has the right to file a motion to reopen removal proceedings and must do so "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). An alien also has the right to file "only one motion to reopen" removal proceedings whether before the BIA or the immigration judge. Id. (emphasis added). Although the deadline for filing a motion to reopen may be equitably tolled by a showing of ineffective assistance of counsel, see Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005), we have not stated that a claim for ineffective assistance of counsel will "equitably toll" the numerical limits on successive motions to reopen, see Luntungan v. Att'y Gen. of the U.S., 449 F.3d 551, 557 (3d Cir. 2006). Even assuming that the one motion limit can be "equitably tolled," we hold that equitable tolling does not apply here.

In order to raise a claim of ineffective assistance of counsel, as is alleged here, a

3

petitioner must meet the requirements of Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988). The petitioner must provide an affidavit describing: 1) relevant facts to demonstrate ineffective assistance, including a statement setting forth "in detail the agreement that was entered into with former counsel with respect to the actions to be taken on appeal," id.; 2) evidence that counsel was informed of the allegations and given an opportunity to respond; and 3) whether a complaint has been submitted to the appropriate ethical or legal disciplinary authorities. Id. These requirements have been approved in this Circuit. See Xu Yong Lu v. Ashcroft, 259 F.3d 127, 129 (3d Cir. 2001).

Wang's affidavit is insufficiently detailed to meet the Lozada requirements of demonstrating inadequate representation and of informing Ms. Marquez of the charge. The affidavit states only that Wang gave all of his "papers and information" to Ms. Marquez prior to the deadline for filing the motion to reopen, she was trying to obtain a joint motion to reopen the case, and she "went pas[t] the date necessary to file the Motion." Wang Aff. ¶ 6. The affidavit does not describe the agreement that Wang had with Ms. Marquez as to the actions to be taken or exactly how far in advance he gave his materials to her. The affidavit also does not state that Ms. Marquez was notified of the claim against her or that Wang had afforded her an opportunity to respond to his claim.

Furthermore, even if the allegations of ineffective assistance of counsel are true, Wang still has not adequately explained all of the time that elapsed from the denial of his first motion to reopen to the filing of his second motion to reopen. See Mahmood, 427 F.3d at 252–53 (requiring a equitable tolling claimant to exercise due diligence in pursuing his

4

claim). Although the first motion to reopen was denied on March 17, 2004, Wang states that he did not find out about this denial until November 2004. He then hired new counsel in November 2004, presumably because he found that his first counsel was ineffective. Wang, however, did not file his second motion to reopen until May 26, 2005. Even if we were to toll the time for filing the second motion to reopen until the time Wang discovered that the first motion was denied and hired new counsel, the second motion to reopen is still late by at least three months.

Wang stated that his current counsel was waiting to see if the government would agree to a joint motion to reopen. This is not a legitimate reason to delay filing. Wang's motion was already late, by any calculation of time, and his attorney should not have waited further to file his second motion to reopen. Thus, even if Wang established ineffective assistance of counsel, he has not demonstrated due diligence in pursuing his claim.

Accordingly, the BIA did not abuse its discretion in finding the second motion to reopen improperly late and successive.

For the foregoing reasons, we will DENY the petition for review.