

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2007

# Rahmolla v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2885

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Rahmolla v. Atty Gen USA" (2007). *2007 Decisions.* Paper 985.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/985

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-2885

———

DILA RAHMOLLA; ZEF RAHMOLLA

Petitioners,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

———

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA Nos. A73-164-318/319)
Honorable Donald Vincent Ferlise, Immigration Judge

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2007

Before: SMITH, COWEN, and SILER*, Circuit Judges.

(Filed:  June 7, 2007)

———

OPINION OF THE COURT

———

_____
\* Honorable Eugene E. Siler, Jr., Circuit Judge for the United States Court of
Appeals for the Sixth Circuit, sitting by designation.

SILER, Circuit Judge.

Zef Rahmolla and his wife Dila Rahmolla, natives and citizens of Albania, petition for review of the denial by the Board of Immigration Appeals ("BIA") of their motion to reopen their immigration proceedings. The BIA, noting that the motion to reopen was untimely, held that the petitioners had not shown due diligence to support equitable tolling of the filing deadline. Furthermore, the BIA concluded that petitioners failed to present evidence of changed circumstances in Albania. Because we agree with the BIA's ruling, we will deny the petition.

I.

Zef and Dila Rahmolla came to the United States in June 1993 as visitors for pleasure, but remained after the expiration of their visas. Zef Rahmolla filed for asylum in August 1993, listing Dila Rahmolla as a derivative applicant. In April 1996, the Immigration and Naturalization Service ("INS") issued Orders to Show Cause and Notices of Hearing, charging the Rahmollas with being removable pursuant to INA § 241(a)(1)(B) for remaining in the United States longer than permitted. The Rahmollas conceded removability, but renewed their requests for asylum, withholding of removal, and, in the alternative, voluntary departure. They argued that they had been and would be persecuted in Albania based on their anti-communist political views.

In a 1999 decision, the Immigration Judge ("IJ") ordered the Rahmollas deported to Albania, finding that they were not credible and had not established eligibility for asylum. The BIA affirmed without opinion in 2002.

2

On February 24, 2006, more than three years after the BIA's decision, the Rahmollas filed with the BIA a motion to reopen. They claimed that their former counsel rendered ineffective assistance by failing to file a motion to reopen when relief pursuant to Article 3 of the Convention Against Torture ("CAT") became available. They further contended that their evidence of changed country conditions demonstrates that their lives will be at risk should they be returned to Albania. Included with the motion was an affidavit from Bernd J. Fischer, Ph.D., a professor of Balkan history, describing current conditions in Albania and concluding that the Rahmollas have a reasonable and objective basis to fear future persecution given their involvement in the Democratic Party and membership in the Association of Formerly Politically Persecuted. The BIA denied the motion, and this appeal followed.

## II.

We review a final order of the BIA denying a motion to reopen for abuse of discretion, *Mahmood v. Gonzales*, 427 F.3d 248, 250 (3d Cir. 2005), overturning the denial only if it is "arbitrary, irrational or contrary to law." *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994). Generally, a motion to reopen must be filed before the BIA within ninety days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, an exception to this time requirement exists for aliens seeking to "reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *Johnson v.*

3

*Ashcroft*, 286 F.3d 696, 704 (3d Cir. 2002). We have also held that the deadline may be equitably tolled by a showing of ineffective assistance of counsel, but the alien must demonstrate that he has exercised due diligence in pursuing his claim. *See Mahmood*, 427 F.3d at 252-53.

As evidence of changed circumstances in Albania, the Rahmollas submitted an affidavit from Professor Fischer as well as country reports. The BIA reviewed this material and noted that Professor Fischer's report, as it related to claims of past persecution, could have been discovered and presented at the time of the hearing below. The Rahmollas do not explain why this evidence of past persecution could not have been submitted at their initial hearing. Although Professor Fischer's statement did refer to events occurring after the 1999 hearing, the BIA determined that "the respondents have not established a direct connection between the fact that political activists or others have been harmed in Albania in recent years and their claims of past persecution and fears of future persecution." The Rahmollas never identify what circumstances have changed in Albania since 1999 that specifically affect them. Professor Fischer states that "it is important to note that Democratic Party political activists continue to be attacked, despite the establishment of a Democratic Party regime," but nothing in his report indicates that political violence is any more prevalent now than in 1999. The Rahmollas also challenge the BIA's lack of discussion of the submitted country reports, yet they fail to point to any significant change in country conditions discussed in the reports that would warrant a reopening. Therefore, we find that the BIA did not abuse its discretion in holding that the

4

Rahmollas do not meet the changed circumstances exception to the regulatory time limit for motions to reopen.

The Rahmollas also seek equitable tolling based on ineffective assistance of their former counsel. The BIA rejected this contention because it found they did not exercise due diligence in pursing their claim. We agree. The Rahmollas admitted that they were aware of the BIA's decision by January 2003. Nevertheless, they waited more than three years before filing a motion to reopen. They have provided no explanation for this delay. Therefore, the BIA acted within its discretion.

III.

Because the Rahmollas failed to provide material evidence of changed circumstances in Albania that could not have been presented at their initial hearing and they have not shown due diligence in pursuing their ineffective assistance of counsel claim, the BIA did not abuse its discretion in denying their motion to reopen. Accordingly, we will deny the petition for review.