**Piotr COZAC, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 07–1070.**

United States Court of Appeals, Third Circuit.

Submitted pursuant to Third Circuit LAR 34.1(a) March 24, 2008.

Filed: April 22, 2008.

---

Lawrence H. Rudnick, Steel, Rudnick & Ruben, Philadelphia, PA, for Petitioner.

Paul F. Stone, Ada E. Bosque, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: McKEE, RENDELL and TASHIMA *, Circuit Judges.

## OPINION

McKEE, Circuit Judge.

Piotr Cozac petitions for review of the decision of the Board of Immigration Appeals upholding the Immigration Judge's denial of his motion to reopen removal proceedings and rescind an *in absentia* order of removal. For the reasons that follow, we will deny the petition for review.

## I.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not set forth the factual or procedural history except insofar as it may be helpful to our brief discussion. We review the BIA's decision under an abuse of discretion standard, and must uphold the decision unless it is arbitrary, capricious, or contrary to law. *Sevoian v. Ashcroft,* 290 F.3d 166, 173 (3d Cir.2002).

Because the BIA and IJ ruled on the merits of Cozac's motion to reopen as if it were timely, we will assume *arguendo,* that Cozac's motion to reopen was timely

filed because the 180–day filing deadline was equitably tolled.

A motion to reopen removal proceedings in which a removal order is issued *in absentia* will be granted if the petitioner can show that exceptional circumstances excused his failure to appear. 8 C.F.R. § 1003.23(b)(4)(ii) (2008). "Exceptional circumstances" are defined in 8 U.S.C. § 1229a(e)(1) as those circumstances beyond the control of the alien, such as being in federal custody, serious illness, or death of an immediate relative. Ineffective assistance of counsel has been held to qualify as an "exceptional circumstance" which excuses an alien's absence and allows reopening of removal proceedings in which an *in absentia* order of removal issues. *See Borges v. Gonzales,* 402 F.3d 398, 408 (3d Cir.2005). Cozac argues that the actions of his attorney rise to the level of ineffective assistance of counsel and excuse his absence from his removal hearing.

However, Cozac has failed to establish that his absence was the result of his attorney's actions, or that his attorney's conduct was tantamount to ineffective assistance of counsel qualifying as the exceptional circumstance required to excuse his absence. Although we have held that ineffective assistance of counsel can constitute an exceptional circumstance under 8 U.S.C. § 1229a(e)(1), we have only done so where counsel made misrepresentations to the alien about the need to attend the removal hearing, the time or place of the removal hearing, or the consequences of not attending the hearing. *See Borges,* 402 F.3d at 408 (reasoning that attorney's telling alien that if he went to court without an attorney he would be deported would constitute ineffective assistance ris-

---

* Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

ing to the level of an exception circumstance). While Cozac's counsel surely failed in his responsibility to Cozac, that does not excuse Cozac's own failure to attend the hearing.

Cozac mistakenly points to *Mahmood v. Gonzales,* 427 F.3d 248 (3d Cir.2005), for the proposition the ineffective assistance not rising to the level of fraud can constitute an exceptional circumstance. However, there, we only considered whether the attorney's actions, which did not include fraud, constituted a basis for equitably tolling the filing deadline for a motion to reopen. 427 F.3d at 250. The alien's failure to appear at removal proceedings was not an issue. Cozac has not alleged any fraudulent misrepresentations by his attorney, and he was fully aware of the time and place of the removal proceeding.

Cozac's affidavit suggests that he did not attend because he feared deportation, not because of any actions by his attorney. That is clearly not an "exceptional circumstance." Thus, we conclude that the BIA did not abuse its discretion in upholding the IJ's denial of the motion to reopen.

## II.

Accordingly, for the reasons set forth above, we will deny his petition for review.