OPINION
PER CURIAM.
Ify Okafor petitions for review of a decision of the Board of Immigration Appeals denying her motion to reopen the immigration proceedings. We will deny her petition for review.
Okafor is a native and citizen of Nigeria. She entered the United States in 1990. In 2004, the Immigration and Naturalization Service (“INS”) issued a notice to appear charging that Okafor was removable because she was present in the United States without having been admitted or paroled. Through counsel, Okafor conceded that she was removable on this basis.
Okafor applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b) and adjustment of status to a lawful permanent resident based upon a petition for an alien relative filed by her husband. The INS had previously denied Okafor’s application for adjustment of status because she had submitted a fraudulent birth certificate and a fraudulent affidavit by her father, who had died before the affidavit was pur *353 portedly prepared. Okafor maintained that she should be afforded a waiver under § 212(i) of the Immigration and Nationality Act, which affords discretionary waivers of inadmissibility due to fraudulent documentation. In support of her applications, Okafor and her United States citizen husband, Emmanuel Edobi, testified that Edo-bi would be unable to care for their four minor children, who are also United States citizens, if she is removed due to his medical problems.
The IJ noted that Okafor did not file the application form for a § 212(i) waiver, and stated that, even if she had filed the requisite form, he would have denied her adjustment of status application because any equities did not outweigh the fraud she had committed in providing false documents. The IJ also concluded that Okafor did not show that her removal would result in extreme hardship to Edobi, as required by § 212(i). The IJ also denied Okafor’s application for cancellation of removal because she had not shown the requisite exceptional and extremely unusual hardship to Edobi or her children. See 8 U.S.C. § 1229b(b)(l)(D). The IJ further stated that Okafor was not worthy of discretionary relief because she had submitted fraudulent materials to the INS on two occasions. The IJ also concluded that Okafor had not shown that she is credible. See A.R. at 92-105.
The BIA dismissed Okafor’s appeal. The BIA was troubled by Okafor’s submission of a fraudulent birth certificate and an affidavit ostensibly signed by her father after his death. The BIA agreed with the IJ that Okafor was unworthy of relief as a matter of discretion and that she did not demonstrate eligibility for the relief she sought. See A.R. at 88-89.
Represented by new counsel, Okafor filed a petition for review, arguing that the IJ had erred in stating that hardship to her children was not a consideration in determining whether to grant a waiver, and that the BIA and IJ had erred in failing to consider certain factors when adjudicating her applications for adjustment of status and a waiver of inadmissibility. We dismissed the petition for review because Okafor had not raised these issues on appeal to the BIA. See Okafor v. Attorney General, C.A. No. 06-4794.
One year after the BIA issued its final administrative decision, Okafor moved the BIA to reopen the proceedings, claiming ineffective assistance of her former counsel. Okafor asserted that counsel had failed to raise in the administrative proceedings the issues raised in her petition for review, which resulted in its dismissal. Okafor argued that the 90-day time period for filing a motion to reopen does not apply where an alien has been prejudiced by counsel’s ineffectiveness.
The BIA concluded that Okafor was not prejudiced by counsel’s alleged ineffective assistance because the IJ had concluded that Okafor’s fraudulent conduct precluded a discretionary grant of relief. The BIA also noted that the IJ had found that Okafor did not show the requisite hardship to qualify for relief. The BIA stated that Okafor did not articulate any particular error by counsel and primarily argued that the IJ unfairly balanced the equities of her case. The BIA denied the motion to reopen as untimely.
Represented by new counsel, Oka-for filed the present petition for review. We must first address the Government’s argument in its brief that Okafor has abandoned any challenge to the BIA’s decision because she fails to challenge the basis upon which the BIA denied the motion to reopen — untimeliness. The Government contends that Okafor has never explained why the motion was not filed within 90 *354 days of the BIA’s dismissal of her appeal and that she never asserted that she exercised due diligence to warrant equitably tolling her untimely motion.
The BIA, however, did not deny the motion to reopen as untimely based on a lack of due diligence. Okafor argued in her motion to reopen that the 90-day time period for filing the motion did not apply because she was prejudiced by counsel’s ineffective assistance. The BIA disagreed, concluding that Okafor was not prejudiced and that the motion was untimely. In her brief, Okafor disputes this conclusion. Thus, Okafor has not waived a challenge to the BIA’s decision.
Athough she has not waived her challenge to the BIA’s decision, we agree with the BIA that Okafor has not shown that she was prejudiced by counsel’s alleged ineffective assistance. Even if counsel had raised the issues presented in Oka-for’s first petition for review to the BIA, the BIA correctly stated that the IJ and BIA had previously found that Okafor’s fraudulent conduct precluded a discretionary grant of relief and that she had not shown the requisite hardship to qualify for such relief.[1] Moreover, Okafor does not contend that any act or omission by counsel caused her to file the motion to reopen after the applicable 90-day period expired. See Mahmood v. Gonzales, 427 F.3d 248, 251-52 (3d Cir.2005) (holding time period for filing a motion to reopen may be equitably tolled due to ineffective assistance of counsel). Thus, the BIA did not abuse its discretion in concluding that Okafor’s motion to reopen was untimely under 8 C.F.R. § 1003.2(c)(2), as it was filed well more than 90 days after the BIA’s final decision.
Accordingly, we will deny the petition for review. The Government’s motion for summary denial of the petition for review is denied.

. In addition, counsel was not ineffective for failing to argue that the IJ should have considered hardship to the children in adjudicating the § 212(i) waiver. Children are not qualifying relatives under the current version of the applicable statute. See 8 U.S.C. § 1182(i). Thus, Okafor's primary claim of deficient performance is without merit. Although the BIA misstated in its decision that the IJ did consider the children’s hardship in connection with the waiver application, that error is of no consequence.