**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1835
_____

ROSELINE ANDREWS,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-039-385)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 2, 2011
Before:  AMBRO, GREENAWAY, JR. and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 15, 2011)
_____

OPINION
_____

PER CURIAM

Roseline Andrews seeks review of a decision of the Board of Immigration Appeals

("BIA").  For the reasons that follow, we will grant the petition for review, vacate the

final order of removal, and remand to the BIA for further proceedings.

Petitioner Roseline Andrews, a citizen of Nigeria, entered the United States in August 1996 as a visitor and did not timely depart. She adjusted to lawful permanent resident ("LPR") status in January 2000. In April 2003, Andrews attempted to enter the United States with a cousin from Nigeria who was using her daughter's passport. Immigration officials charged Andrews with attempting to smuggle an alien into the United States, and she was immediately placed in removal proceedings.

In October 2004, the immigration judge ("IJ") determined that Andrews was ineligible for a waiver under 8 U.S.C. § 1182(d)(11), and ordered her removed. At that time, Andrews was three months short of accruing the required five years of LPR status to be eligible for cancellation of removal. See 8 U.S.C. § 1229b(a)(1). Upon the advice of her attorney, Andrews did not appeal. Her attorney, Frank Mazzocchi, assured her that he would file an application for humanitarian relief instead. Over the course of the next year, Mazzocchi mostly stopped responding to Andrews' inquiries about her case. When he did speak with Andrews regarding the status of her case, he told her that "the case was filed and there had been no response from the government, which was a good sign." However, this was a lie—no application for humanitarian relief had been filed.

Around December 2005, Andrews became "desperate," and sought the advice of a second attorney, Vladislav Sirota. Sirota suggested that Andrews file "a waiver under Section 212" based on hardship to her American husband and children, and promised to move to reopen Andrews' case. After paying his retainer, Andrews attempted to follow

2

up with Sirota, but he avoided her calls. Sirota apparently never took any action on Andrews' behalf, and, in January 2007, after she "kept calling him," he agreed to refund her money.

Andrews then consulted with her third and current attorney. Within a month, in April 2007, she filed a motion to reopen in which she argued that Mazzocchi was ineffective for failing to delay the proceedings until she acquired the requisite five years of permanent residence and for failing to file an appeal. The IJ denied the motion after determining that any ineffectiveness on the part of counsel would not have prejudiced her, as she was ineligible for cancellation in October 2004. The IJ reasoned that the required five years of permanent residence and seven years of physical presence were cut short by the "stop-time" rule, 8 U.S.C. § 1229b(d)(1), when she was served with the notice to appear in November 2003. The IJ also found that Andrews failed to establish that she directed counsel to pursue an appeal of the removal order. Finally, the IJ concluded that Andrews' motion to reopen was untimely, and that she had failed to demonstrate that equitable tolling was warranted.

Andrews did not appeal. However, in June 2007, Andrews filed a timely motion for reconsideration. She argued that the "stop-time" rule did not cut off her LPR accrual because the rule applies only in calculating the seven years of continuous physical presence requirement. She also argued that she was entitled to equitable tolling of the time to reopen.

3

The IJ denied the motion, again finding that Andrews was ineligible for cancellation because, at the time of the original proceedings, she had not yet accrued five years of permanent residence. The IJ also determined that Andrews failed to show that she had acted with due diligence, and therefore, was not eligible for equitable tolling of the time to apply for reopening.

Andrews appealed the denial of her motion for reconsideration to the BIA. She argued that she had diligently pursued her case and was entitled to equitable tolling. She also claimed that but for counsel's deficient performance, she would have been eligible for cancellation of removal because the "stop-time" rule does not apply to the accrual of legal permanent residence. The BIA dismissed her appeal, finding that Andrews did not meet her burden of proof regarding due diligence. The BIA also found that even if the IJ wrongly applied the "stop-time" rule, Andrews admitted that she had not accrued five years of permanent residence at the time the IJ issued the removal order, and therefore, she could not show that her attorneys were deficient for failing to apply for cancellation. The BIA did not decide whether the commission of the offense served to stop the time of her continuous physical presence, noting that Andrews had not raised the issue. Andrews filed a timely petition for review.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a) to review the BIA's decision affirming the IJ's denial of Andrews' motion to reconsider. We review such denials for abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Under this

4

standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). A motion to reconsider must specify "the errors of fact or law in the [IJ's] prior decision." 8 C.F.R. § 1003.23(b)(2).

III.

In reviewing the BIA's ruling on Andrews' appeal from the denial of her motion to reconsider, which included challenges to the IJ's denial of her equitable tolling and ineffective assistance of counsel claims, we must necessarily look back to the IJ's denial of her motion to reopen. In general, motions to reopen must be filed within ninety days from the date "of entry of a final administrative order of removal." 8 C.F.R. § 1003.23(b)(1); see also 8 U.S.C. § 1229a(c)(7)(C). The time limit for filing a motion to reopen is subject to equitable tolling. See Borges, 402 F.3d at 406. Ineffective assistance of counsel can provide a basis for equitable tolling of the time to file a motion to reopen. Mahmood v. Gonzales, 427 F.3d 248, 250 (3d Cir. 2005). If ineffectiveness is substantiated, a petitioner must also demonstrate that she diligently pursued her claims. Id. at 252.

Andrews does not dispute that her motion to reopen, filed over two years after the removal order, was untimely. Rather, she challenges the BIA's determination that she was not entitled to equitable tolling of the time limit based on her claim of ineffective assistance of counsel.

5

After the IJ issued the removal order, Mazzocchi told Andrews that it was "useless" to file an appeal. In the next year, Andrews made contact with him only twice, and when she did speak with him, he told her that he had filed a petition for humanitarian relief, that her case was pending, and that it was "a good sign" that he had heard nothing back from the government. She eventually consulted with a second attorney, Sirota, and hired him once she realized that Mazzocchi was not acting on her behalf, despite his assurances that she did not need to take any further action in support of her case. Sirota also failed to pursue her case, and eventually returned her fees. We hold that Andrews acted reasonably and diligently in relying on Mazzocchi's representations and assurances. Accordingly, we conclude that the BIA abused its discretion in determining that Andrews had not diligently pursued her claims.

The BIA held, in the alternative, that Andrews had failed to demonstrate that Mazzocchi's representation was deficient. We disagree. He first told her that an appeal would be "useless." This does not appear to be the case. Had Mazzocchi filed a timely appeal, Andrews' LPR time would have continued to run. In re Lok, 18 I. & N. Dec. 101, 105 (BIA 1981) (LPR status ends "when the [BIA] renders its decision in the case upon appeal or certification or, where no appeal to the [BIA] is taken . . . or the time allotted for appeal has expired"); see also Katsis v. INS, 997 F.2d 1067, 1075-76 (3d Cir. 1993). Had counsel filed an appeal, it is probable that she would have accrued five years of lawful permanent residence while the BIA considered her appeal. She therefore would have been eligible to apply for cancellation of removal. Additionally, as stated above,

6

Mazzocchi never petitioned for humanitarian relief as he said he did, and he avoided communicating with Andrews for over a year about the status of her case. When he did speak with her, he deceived her. Accordingly, we find that counsel's performance was indeed deficient, and we will remand the matter to the BIA for consideration of whether that deficient performance prejudiced Andrews. See Fadiga v. Att'y Gen., 488 F.3d 143, 157-59 (3d Cir. 2007).

IV.

Because Andrews has demonstrated that she diligently pursued her claims and that her attorney's representation was deficient, we will vacate the BIA's decision and remand the case for consideration of whether Andrews was prejudiced by her attorneys' ineffectiveness.