**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3808
_____

GIOVANNI ANDRES TORRES-VARONA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-423-071)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2011

Before: FUENTES, VANASKIE and ROTH, Circuit  Judges

(Opinion filed:  June 23, 2011)
_____

OPINION
_____

PER CURIAM

        Petitioner Giovanni Torres-Varona, a citizen of Colombia, petitions for review of

the Board of Immigration Appeals' ("BIA") decision upholding the Immigration Judge's

("IJ") order denying Torres-Varona's motion to reopen his immigration proceedings.  For

the reasons that follow, we will deny the petition for review.

I

In 2005, Torres-Varona was served with a notice to appear, which charged him as removable for overstaying his visitor's visa. In 2006, he appeared before the IJ with his prior attorney, Nelson Aponte, and conceded removability. Torres-Varona filed an application for asylum, withholding of removal, and protection under the Convention Against Torture, citing problems he experienced with the FARC in Colombia and a fear of continued problems if he returns to Colombia. He also sought voluntary departure. At a hearing in 2007, Torres-Varona withdrew his application for relief and accepted voluntary departure, acting on Aponte's advice.

However, Torres-Varona failed to depart within the prescribed period and, with the assistance of new counsel, filed an untimely motion to reopen based on Aponte's alleged ineffective assistance. When Torres-Varona filed his motion to reopen, the procedural requirements of Matter of Lozada, 19 I&N Dec. 637 (BIA 1988), and the substantive requirements of Fadiga v. Att'y Gen., 488 F.3d 142 (3d Cir. 2007), governed the Agency's evaluation of motions to reopen based on ineffective assistance of counsel. The IJ noted that Torres-Varona had complied with the procedural requirements of Lozada, but denied the motion as meritless and untimely.

Torres-Varona appealed to the BIA. While the appeal was pending, Attorney General Mukasey announced the decision in Matter of Compean, Bangaly & J-E-C-, 24 I&N Dec. 710 (A.G. 2009) (Compean I). Compean I rejected Lozada's suggestion of an alien's constitutional right to effective assistance of counsel in immigration proceedings

2

and imposed a framework for evaluating "deficient performance" claims, that was similar to -- but stricter than -- the Lozada framework. See 24 I&N Dec. at 730-35. The BIA upheld the IJ's denial of Torres-Varona's motion to reopen, reasoning that the motion was untimely and that it lacked merit under the Compean I standard.

Torres-Varona then filed a petition for review. See Torres-Varona v. Att'y Gen., C.A. No. 09-2183. After the parties' briefs were filed, Attorney General Holder issued a decision in Matter of Compean, Bangaly, and J-E-C-, 25 I&N Dec. 1 (A.G. 2009) (Compean II), which overturned Compean I and directed that immigration courts apply the Lozada framework in evaluating ineffective assistance of counsel claims. In light of Compean II, the Government filed a motion to remand the case to the BIA for further proceedings. We granted the unopposed motion. See C.A. No. 09-2183 (order entered Dec. 8, 2009).

On remand, the BIA considered Torres-Varona's ineffective assistance claim under the Fadiga standard, but concluded that his claim lacked merit. The BIA also held that Torres-Varona failed to demonstrate either due diligence, as required to justify equitably tolling the filing deadline for a motion to reopen, or a reasonable likelihood that he could satisfy the requirements for obtaining withholding of removal. Torres-Varona then filed this petition for review.

II

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the BIA's decision upholding the denial of Torres-Varona's motion to reopen for abuse of discretion. See Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009). The BIA's decision

3

will not be disturbed unless it is "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (internal quotation marks omitted).

Generally, a motion to reopen must be filed within 90 days of the IJ's decision authorizing voluntary departure. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c). However, an alien who substantiates an ineffective assistance claim may have the filing deadline equitably tolled, provided that he exercises due diligence. See Mahmood v. Gonzales, 427 F.3d 248, 251-52 (3d Cir. 2005). Because Torres-Varona's motion to reopen was not filed within 90 days of the IJ's order granting voluntary departure, he had to demonstrate Aponte's ineffective assistance and his own due diligence in seeking to remedy Aponte's alleged errors.

To establish an attorney's ineffective assistance, an alien must show that competent counsel would have acted in a different manner and that, but for counsel's performance, there was a reasonable likelihood that he would have obtained relief. See Fadiga, 488 F.3d at 157-59. Torres-Varona contended that Aponte's performance was lacking because Aponte: did not advise Torres-Varona as to what documentation he should obtain; did not accept documentation that Torres-Varona offered in support of his application for relief; refused to meet with Torres-Varona to prepare for his removal hearing; and inappropriately advised Torres-Varona to abandon his application for relief and accept voluntary departure. The BIA reasoned that these bare assertions were insufficient to demonstrate that Aponte's performance was inadequate, noting that Torres-Varona did not proffer favorable evidence with his motion to reopen or explain with any particularity what evidence Aponte should have gathered to corroborate his

4

claim for relief.  Moreover, the BIA noted that Aponte filed a response to Torres-Varona's ineffective assistance charge.  In that response, Aponte explained that Torres-Varona admitted that he did not fear returning to Colombia, thus undercutting his asylum request; he also stated that, despite Aponte's repeated urgings that he obtain specific evidence in support of his claim, Torres-Varona failed to keep in contact and ultimately produced -- after the IJ's deadline for submitting evidence -- only one news article. Given the evidence in the record contradicting Torres-Varona's assertions, as well as his failure to present to the Agency any rebuttal to Aponte's response, we conclude that the BIA did not act arbitrarily or irrationally in concluding that Torres-Varona failed to demonstrate that Aponte provided ineffective assistance.

Because the BIA's determination that Torres-Varona failed to demonstrate counsel's ineffective assistance is sufficient, on its own, to undermine his equitable tolling claim, we need not address Torres-Varona's other arguments.

Accordingly, we will deny the petition for review.