

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-5-2008

# Ahmed v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4147

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ahmed v. Atty Gen USA" (2008). *2008 Decisions*. Paper 562.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/562

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4147
_____

SANA JAMIL AHMED,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A97-160-045 )
Immigration Judge: Honorable Daniel A. Meisner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 27, 2008

Before:  RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed:  September 5, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

Petitioner, Sana Jamil Ahmed, petitions for review of an order of the Board

of Immigration Appeals (BIA) denying her motion to reopen removal proceedings in

order to adjust her status based on her subsequent marriage to a United States citizen.  For

the following reason, we will deny the petition for review.

A native of Saudi Arabia and citizen of Pakistan, Ahmed entered the United States in 2001 with her mother, both as non-immigrant visitors, and overstayed. Thereafter, the Department of Homeland Security (DHS) charged them with removal and, in 2003, served them each with Notices to Appear (NTA). Ahmed was eighteen years old at the time that she was served with an NTA. On behalf of herself and her daughter, Ahmed's mother conceded their removability, but, through counsel, applied for asylum, withholding of removal and relief under the Convention Against Torture (CAT), or, in the alternative, for voluntary departure.

In 2005, the Immigration Judge (IJ) denied their applications for asylum, withholding of removal, and CAT relief, but granted their request for voluntary departure. They appealed the IJ's decision, but, on July 10, 2006, the Bureau of Immigration Appeals (BIA) summarily dismissed their appeal as conclusory and granted them voluntary departure within sixty-days of its decision. They did not petition for review of the BIA's July 10th decision.

Ahmed remained in the United States beyond the granted period of voluntary departure. In August 2006, she married a United States citizen, and a several months later, her husband filed a Petition for Alien Relative (I-130) for her; Ahmed also filed an Application to Adjust Status (I-485) based on her I-130 petition. On July 26, 2007, over a year after the BIA summarily dismissed her appeal, she filed a motion to

2

reopen removal proceedings before the BIA in order to apply for adjustment of status based on her marriage. On September 25, 2007, the BIA denied the motion to reopen as untimely and rejected her equitable tolling claims. Through counsel, Ahmed filed the instant petition for review.

Our jurisdiction extends only to the BIA's September 25, 2007 decision denying Ahmed's motion to reopen. 8 U.S.C. § 1252(b)(1). We review the BIA's denial of a motion to reopen for abuse of discretion, INS v. Doherty, 502 U.S. 314 323 (1992), and will not disturb the decision unless it was arbitrary, irrational or contrary to law. See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d. Cir. 2002). "We review the BIA's legal determinations de novo, subject to established principles of deference, Chevron v. Nat. Res. Def. Council, 467 U.S. 837, 844 (1984), but defer to the BIA's factual findings unless any reasonable adjudicator would be compelled to conclude to the contrary." See Wang v. Ashcroft, 368 F.3d 347, 349 (3d Cir. 2004)(internal quotation marks omitted); 8 U.S.C. 1252(b)(4)(B).

Aside from certain exceptions, a motion to reopen must be filed within ninety days of the BIA decision that the petitioner seeks to appeal. 8 U.S.C. § 1229a(c)(7)(C)(I). That deadline may be equitably tolled, such as by a showing of ineffective assistance of counsel, but the petitioner must have demonstrated due diligence in pursuing that claim. See Mahmood v. Gonzales, 427 F.3d 248, 252-53 (3d. Cir. 2005).

3

In this case, the BIA denied Ahmed's motion to reopen because it was filed over a year after its July 10, 2006 decision summarily dismissing her appeal and granting her request for voluntary departure. Ahmed does not dispute the untimeliness of her motion. Instead, Ahmed argues that she was not bound by the BIA's order of voluntary departure. She insists that her mother's ultimately unsuccessful asylum application should not be imputed onto her, because she was merely her mother's dependent, had no legal capacity to act on her own behalf, and was not legally informed of the consequences of seeking voluntary departure.[1] The BIA rejected that argument as a as a basis for equitable tolling, pointing out that Ahmed was eighteen years old at the commencement of the removal proceedings, and that she was twenty-one when the BIA rendered its last decision denying their appeal.

We agree that Ahmed's argument is meritless. Ahmed's mother identified her as a dependent and derivative beneficiary for the purposes of the asylum application, and the IJ explicitly treated her as such during the proceedings. Moreover, as the government points out, Ahmed was asked twice on the record whether she approved of her mother's attorney representing her, and in both instances she approved without protest. As a derivative beneficiary of her mother's application, Ahmed would have received the same status if her mother had been awarded asylum. See 8 U.S.C.

---

[1] Ahmed presented these arguments to the BIA in her motion to reopen, but the BIA's equitable tolling

4

§1158(b)(3)(A). Accordingly, the denial of her mother's asylum application applied to Ahmed as well.

We also find no reason to disturb the BIA's determination that Ahmed's claim of ineffective assistance of counsel does not entitle her to equitable tolling. To the extent that her ineffectiveness claim rests on the arguments that the IJ disregarded her due process right to have counsel of her own choice and that her lawyer filed a grossly inadequate appeal which the BIA dismissed as perfunctory, she should have pursued these claims in a timely motion for reconsideration or motion to reopen the proceedings after the BIA issued its July 10, 2006 decision.[2] Instead, Ahmed waited over a year before filing the instant, now untimely, motion to reopen. Therefore, because we agree that Ahmed has failed to exercise due diligence in pursuing her claim of attorney ineffectiveness, we conclude that the BIA did not abuse its discretion in denying equitable tolling on the basis of her attorney's ineffectiveness. See Mahmood, 427 F.3d at 252-53.

Finally, because Ahmed failed to depart within the sixty-day voluntary departure period following the date of the BIA's decision, and because she did not exercise any of the devices then-available to her (such as timely motions to extend her voluntary departure period or to reopen the proceedings), we agree with the BIA that Ahmed is statutorily ineligible for adjustment of status based on her marriage for a period

---

[2] We also note that she did not file a petition for review of the BIA's July 10, 2006 decision.

5

of ten years.  <u>See</u> 8 U.S.C. § 1229c(d).

Accordingly, we deny the petition for review.