**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2421

_____

ADELAIDA HUMALA;
HUMBERTO HUMALA,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of a Decision and Order of
the Board of Immigration Appeals
(BIA Nos. A74-951-729, A74-951-730)

Submitted Under Third Circuit LAR 34.1(a)
February 23, 2010

Before: SCIRICA, Chief Judge, CHAGARES, Circuit Judge, and
RODRIGUEZ, District Judge.*

(Filed: April 7, 2010)

_____

OPINION OF THE COURT

_____

*The Honorable Joseph H. Rodriguez, Senior District Judge for the District of New
Jersey, sitting by designation.

CHAGARES, Circuit Judge.

Petitioners Humberto Humala ("Mr. Humala") and Adelaida Humala ("Mrs. Humala") petition for review of the decision of the Board of Immigration Appeals ("BIA") denying their motion to reopen their removal proceedings. We will deny the petition.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts. Petitioners are natives and citizens of Ecuador. They first entered the United States in January 1995. Thereafter, Mrs. Humala was selected for the Diversity Immigrant Visa Program. In support of her application for this program, Mrs. Humala submitted fraudulent documentation representing that she had graduated from high school. According to Mrs. Humala, her attorney advised her that she would need this documentation to be eligible for the program and helped her procure a falsified high school diploma. On March 8, 1996, both petitioners obtained an adjustment of status to lawful permanent resident.[1]

Shortly thereafter, petitioners returned to Ecuador, where they attempted to apply for immigrant visas for their children. During an interview with a consular officer, Mrs. Humala admitted that she had not graduated from high school and that she submitted the

_____

[1]Mr. Humala's adjustment of status was derivative of his wife's application for the Diversity Immigrant Visa Program.

2

fraudulent documentation to establish eligibility for the Diversity Immigrant Visa Program.

On September 26, 2003, the Department of Homeland Security ("DHS") served petitioners with Notices to Appear in Immigration Court. DHS charged Mrs. Humala with removability under section 212(a)(1)(A) of the Immigration and Naturalization Act ("INA"), as amended, 8 U.S.C. § 1227(a)(1)(A), as an alien who was inadmissible at the time of her adjustment of status because she obtained an immigration benefit through fraud or wilful misrepresentation. Joint Appendix ("J.A.") 558. DHS charged Mr. Humala with removability under section 212(a)(1)(A) as an alien who had obtained an adjustment of status without valid documents. J.A. 629.

Petitioners appeared before an Immigration Judge ("IJ"), represented by their attorney. On August 27, 2004, the IJ denied petitioners' requests for relief and ordered them removed to Ecuador. J.A. 318. The IJ found that Mrs. Humala had obtained eligibility for the Diversity Immigrant Visa Program by "willfully misrepresenting a material fact, that is, that she was a high school graduate when she was not," and by submitting a "fraudulent high school diploma." J.A. 346-47. He thus concluded that Mrs. Humala was inadmissible under INA section 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), and ineligible for a waiver under section 212(k), 8 U.S.C. §1182(k). J.A. 349-50. Because Mr. Humala's application for adjustment of status was based on Mrs. Humala's eligibility for the Diversity Immigrant Visa Program, he concluded that

3

Mr. Humala was inadmissible under section 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). Id. The IJ also noted that the petitioners "do not have parents, [a] spouse or children in the United States who are American citizens or lawful permanent residents so as to qualify" for a waiver under INA section 212(i), 8 U.S.C. § 1182(i), or section 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H). J.A. 347.

Petitioners, still represented by their attorney, appealed the IJ's decision. On December 27, 2005, the BIA dismissed the appeal, adopting and affirming the IJ's decision. J.A. 268. Petitioners filed a petition for review, pro se, which a panel of this court denied on September 29, 2006. See J.A. 139-42.

On October 24, 2007, petitioners obtained new counsel, who submitted a motion to reopen petitioners' removal proceedings on October 30, 2007. In this motion, petitioners argued that their prior counsel provided ineffective assistance by misinforming them that Mrs. Humala could not obtain a fraud waiver under INA section 237(a)(1)(H) based on the immigration status of her mother, who "was in the process of obtaining her lawful permanent residence," because her mother was not a U.S. citizen. J.A. 19. Petitioners argued that prior counsel should have notified the Immigration Court that Mrs. Humala's mother was in the process of obtaining her lawful permanent resident status, sought a continuance to allow this process to be completed, and then applied for a section 237(a)(1)(H) waiver. J.A. 20.

On April 15, 2008, the BIA denied petitioners' motion, noting that it was filed

4

after the applicable deadline had expired and concluding that petitioners had failed to exercise diligence in pursuing their case. J.A. 2-3. The BIA reasoned that the IJ had accurately explained the requirements for a section 237(a)(1)(H) waiver during the oral decision on August 27, 2004, and that a reasonable person in Mrs. Humala's situation "would have taken some action to attempt to place before the Immigration Judge or this Board the change in the status of her mother's status." J.A. 3. The BIA concluded that because petitioners waited nearly two years to file the motion to reopen, they failed to exercise diligence. Id.

On May 12, 2008, petitioners filed a timely petition for review.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we review the BIA's decision to deny petitioners' motion to reopen for abuse of discretion. See Mahmood v. Gonzales, 427 F.3d 248, 250 (3d Cir. 2005). Because the Attorney General has broad discretion to grant or deny a motion to reopen, our review is "highly deferential." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (citing INS v. Doherty, 502 U.S. 314, 323 (1992)). "'Discretionary decisions of the [BIA] will not be disturbed unless they are found to be arbitrary, irrational, or contrary to law.'" Id. (quoting Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994)).

## III.

Petitioners argue that the BIA abused its discretion in denying as untimely their

5

motion to reopen.[2]  Petitioners concede that their motion was untimely but argue that the filing deadline should have been equitably tolled based on prior counsel's ineffective assistance.  In general, a motion to reopen removal proceedings must be filed within ninety days of the date of entry of a final administrative order of removal.  8 U.S.C. § 1229a(c)(7)(C)(I).  Ineffective assistance of counsel may provide a basis for equitable tolling of this filing deadline, but the petitioner must demonstrate diligence in pursuing his case.  Mahmood, 427 F.3d at 249, 252-53.  In Mahmood, we held that a petitioner who failed to account for periods of time during which he failed to pursue his case had not exercised diligence and was therefore ineligible for equitable tolling.  Although the petitioner was a "foreigner who may . . . have more than the average difficulty in negotiating the shoals of American law," equitable tolling is "an extraordinary remedy which should be extended only sparingly."  Id. at 253 (citations and internal quotation marks omitted).  Significant periods of "unaccounted-for delay" indicate a lack of diligence that renders equitable tolling inappropriate.  Id.

In this case, the administrative removal order became final on December 27, 2005, but petitioners did not file a motion to reopen until October 30, 2007.  Following the December 27, 2005 order, petitioners made an initial effort to pursue their case by filing a

_____

[2]Petitioners also challenge the merits of the IJ's decision, which was adopted by the BIA.  A panel of this court denied a previous petition challenging this decision, and the only issue currently before the Court is whether the BIA abused its discretion by denying petitioners' motion to reopen removal proceedings.

pro se petition for review. After this petition was denied on September 29, 2006, however, petitioners did not take any additional steps to pursue their case until October 2007, when they contacted new counsel, who prepared the motion to reopen. Given that the IJ provided petitioners with an accurate description of the requirements for a section 237(a)(1)(H) waiver on August 27, 2004, we agree that this unaccounted-for period of delay indicates a lack of diligence. The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely.

IV.

For these reasons, the petition for review will be denied.