**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1944
_____

MEMLI KRAJA; ARDITA KRAJA; J.K.; R.K.,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A099-683-219, A099-683-220, A099-683-221, A099-683-222)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 7, 2011
Before:  SMITH, WEIS and GARTH, Circuit Judges

(Opinion filed: September 12, 2011)
_____

OPINION
_____

PER CURIAM

Petitioners Memli and Ardita Kraja, a married couple, and their minor sons, J.K.

and R.K., petition for review of a decision by the Board of Immigration Appeals ("BIA")

issued on March 21, 2011. For the following reasons, we will deny the petition for review.

I.

Petitioners are natives and citizens of Albania. They applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). Petitioners claim that they suffered past persecution and fear future persecution on account of Memli Kraja's ("Kraja") membership in the Socialist Party of Albania.

On April 11, 2008, after holding a hearing, the Immigration Judge ("IJ") denied Petitioners' requests for relief. The IJ made an adverse credibility determination and held that Petitioners failed to meet their burden of proof because they did not submit reasonable corroborating evidence or adequately explain why they did not do so. On May 28, 2009, the BIA dismissed Petitioners' appeal. It specifically declined to address the adverse credibility determination, and affirmed the IJ's decision based on the Petitioners' failure to meet their burden of proof. On May 21, 2010, we denied the Petitioners' petition for review, determining that substantial evidence supported the BIA's conclusion that Petitioners failed to adequately corroborate their claims. (C.A. No. 09-2832.)

Meanwhile, in August 2009, while the petition for review was pending before this Court, Petitioners, through counsel, filed a motion to reopen before the BIA based on new evidence. To corroborate their claims, they submitted an affidavit by Kraja, a

2

certification from the Albanian Socialist Party, a 2005 newspaper article, and articles from 2009 concerning conditions in Albania. The BIA denied the motion on February 23, 2010. Petitioners did not seek review of that order.

However, on June 16, 2010, through new counsel, Petitioners filed a second motion to reopen, which raised a claim of ineffective assistance of counsel. Although the motion to reopen was numerically- and time-barred, Petitioners asserted that equitable tolling was appropriate because their prior counsel misled them as to why their initial request for relief was denied, and because their attorney failed to submit certain corroborating evidence at their merits hearing. They also claimed that language difficulties precluded them from discovering counsel's errors.

On March 21, 2011, the BIA determined that equitable tolling was not appropriate, and denied the motion to reopen. The BIA concluded that Petitioners demonstrated neither the required diligence in raising their ineffective assistance of counsel claim nor that counsel's alleged errors were prejudicial. As to due diligence, the BIA first rejected Petitioners' assertion that their former counsel misled them as to the basis of the IJ's decision, noting counsel's response to the allegation, the IJ's detailed opinion, and the 2009 affidavit prepared by Kraja for the first motion to reopen in which he stated that he was submitting evidence to corroborate his claim. The IJ then determined that Petitioners did not exhibit diligence in discovering and addressing counsel's failure to submit a Socialist Party letter and a history professor's affidavit concerning conditions in Albania, as both the BIA's and IJ's initial decisions addressed the evidentiary deficiencies of

3

Petitioners' claims. The BIA thus found that, "at the very latest the respondent knew or should have known when we dismissed his appeal that the Socialist Party letter and an affidavit from a history concerning conditions in Albania had not been submitted into the record. But, the respondent did not raise these errors until his second motion to reopen, more than a year after we dismissed his appeal."

The BIA also determined that Petitioners were not prejudiced by their prior counsel's actions, and declined to use its discretion to open the proceedings sua sponte.

Petitioners now seek review of the BIA's March 21, 2011 order.

## II.

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a), and review a decision denying a motion to reopen for abuse of discretion. Guo v. Ashcroft, 386 F.3d 556, 561-62 (3d Cir. 2004).[1] "As a general rule, motions to reopen are granted only under compelling circumstances." Id.

A petitioner is allowed to file one motion to reopen no later than 90 days after the date of the final administrative decision in the proceeding sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). However, the time, and possibly numeric, limitations for filing a motion to reopen may be equitably tolled if the petitioner establishes that the delay was due to ineffective assistance of counsel. Mahmood v. Gonzales, 427 F.3d 248,

---

[1] Although Petitioners raise several arguments relating to the IJ's and BIA's initial decisions, we lack jurisdiction to review the underlying proceedings. Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 89 (2d Cir. 2001). Additionally, we note that we reviewed the underlying proceedings when we denied Petitioners' 2009 petition for review. (C.A. No. 09-2832.)

4

251-52 (3d Cir. 2005). Before proceeding on an ineffective assistance of counsel claim, a petitioner must satisfy several procedural requirements as well as establish that he or she has exercised due diligence in raising the claim and that prejudice resulted from counsel's alleged errors. Id. at 252.

The BIA determined that Petitioners failed to exhibit diligence in bringing their ineffective assistance of counsel claim. Petitioners seem to assert that the government waived this issue by not arguing it in its brief before the BIA. In this situation, they are mistaken, as we have held that the BIA's sua sponte discussion of an issue constitutes exhaustion. Lin v. Att'y Gen., 543 F.3d 114, 123-24 (3d Cir. 2008). The due diligence issue has thus been administratively exhausted. See id. However, Petitioners have waived our review of the BIA's conclusion as to due diligence by failing to challenge it in their brief to this Court.[2] See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court.").

Even if the due diligence issue was not waived, we would conclude that the BIA did not abuse its discretion in denying the motion to reopen on this basis. To be eligible for equitable tolling, a petitioner must establish that he or she exercised due diligence "over the entire period for which tolling is desired." Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011). Here, the BIA appropriately determined that Petitioners' assertion that

---

[2] Although Petitioners' brief includes a sub-heading stating they demonstrated due diligence, they make no argument in support of this assertion.

they only recently discovered why their initial application for relief was denied is implausible, especially considering that the purpose of their first motion to reopen was to submit corroborating evidence. Additionally, as to the claim that their attorney failed to obtain and submit certain documents to corroborate their claim, the BIA explained that Petitioners knew or should have known that these documents were not submitted, at the very latest, when the BIA dismissed their first appeal. Thus, because Petitioners were well aware of the alleged failures of their attorney at the time of the removal proceedings, waiting for over a year to file an ineffective assistance of counsel claim fails to exhibit the required diligence.

Petitioners have not shown that the BIA abused its discretion in denying their second motion to reopen.[3] We will therefore deny the petition for review.

---

[3] Because we conclude that the BIA did not abuse its discretion in denying the motion to reopen based on Petitioners' lack of due diligence, we need not address the other bases of the BIA's decision. See Alzaarir, 639 F.3d at 91.