BLD-248                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2425
_____

DEWI DORIS DWIYANTI,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A078-495-748)
Immigration Judge: Donald V. Ferlise
_____

Submitted on Respondent's Motion to Dismiss for Lack of Jurisdiction and Alternative
Motion for Summary Denial
August 2, 2012

Before: SCIRICA, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed August 20, 2012)
_____

OPINION
_____

PER CURIAM

Dewi Doris Dwiyanti filed a pro se petition for review from the Board of Immigration Appeals' ("BIA") decision denying her motion to "reopen and reconsider." The government has moved to dismiss her petition for lack of jurisdiction or, in the alternative, for summary denial. We will grant the government's motion and dismiss in part and otherwise summarily deny the petition for review.

Dwiyanti, a native and citizen of Indonesia, entered the United States in October 2000 as a nonimmigrant visitor. One week later she was served a notice to appear alleging that she had not complied with the conditions of the status under which she was admitted, to wit, she obtained employment without authorization. Dwiyanti applied for asylum, withholding of removal, and relief under the Convention Against Torture. The Immigration Judge ("IJ") found that she was removable as charged, rejected her claims for relief, and ordered her removal to Indonesia. Dwiyanti's appeal to the BIA was dismissed in January 2003, and she did not petition this Court for review.

Approximately one month after her appeal was dismissed, Dwiyanti filed a motion for reconsideration or reopening with the BIA. The BIA denied the motion in August 2003 because it raised no new legal arguments or any other ground upon which to reconsider the earlier dismissal of her appeal. The BIA also determined that reopening proceedings would be inappropriate as there was no evidence of changed country conditions in Indonesia. Dwiyanti filed a second motion for reconsideration or reopening

with the BIA in December 2003, and it was denied in February 2004 as barred under 8 C.F.R. § 1003.2(b)(2).

Over seven years later, in November 2011, Dwiyanti filed what she styled as a "Motion [to] Reopen And Reconsider An Emergency To Stay; Motion Of Ineffective Assistant [sic] Counsel." Because she challenged the IJ's denials of her applications for relief, the BIA construed the pleading as a motion to reconsider.[1] So construed, the BIA denied the motion as untimely and number barred in April 2012. Dwiyanti then filed a petition for review with this Court.

We have jurisdiction to review the BIA's denial of Dwiyanti's third motion for reconsideration. See 8 U.S.C. § 1252(a). Her petition for review was filed in May 2012—within thirty days of the BIA's denial of her motion for reconsideration, but more than seven years after any of the BIA's prior orders and decisions. Accordingly, the petition for review is timely only as to the BIA's April 2012 order. See 8 U.S.C.

---

[1] The BIA determined that although Dwiyanti sought further consideration of her applications for relief, her motion could not be construed as a motion to reopen because she did not offer new evidence. See 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the new facts . . . ."). Dwiyanti has not challenged that determination. Regardless, motions to reopen generally must be filed no later than ninety days after the date of the final administrative decision. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although the time restriction is subject to equitable tolling for ineffective assistance of counsel, Dwiyanti—who noted the ineffectiveness issue seven years after the BIA's affirmance of the IJ's decision but provided no substantive argument regarding her counsel's performance—did not exercise the diligence necessary for tolling to apply. See Mahmood v. Gonzales, 427 F.3d 248, 251-52 (3d Cir. 2005). Accordingly, the motion would have been untimely even if construed as a motion to reopen.

§ 1252(b)(1) (thirty days to file a petition for review). Inasmuch as Dwiyanti challenges the BIA's prior orders, we will dismiss the petition for review as untimely and beyond our jurisdiction. See McAllister v. Att'y Gen., 444 F.3d 178, 185 (3d Cir. 2006); see also Luna v. Holder, 637 F.3d 85, 92 (2d Cir. 2011) ("This 30-day filing requirement is jurisdictional and is not subject to equitable tolling.") (quotation marks omitted).

We review the BIA's denial of a motion for reconsideration for abuse of discretion and will not disturb the BIA's decision unless it is arbitrary, irrational, or contrary to law. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). The BIA denied Diwyanti's motion for reconsideration on the basis that it was filed after the thirty-day deadline for such a motion had expired. See 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). In her petition for review, which Dwiyanti has prepared in the form of an appellate brief, she does not argue that the BIA erred in regarding her motion as time-barred. Indeed, she offers no argument regarding the BIA's decision whatsoever and instead attacks the decade-old order of removal. As mentioned, this Court lacks jurisdiction to review the removal order. Furthermore, in light of the undisputed evidence of record that Diwyanti's motion for reconsideration was filed after the statutory thirty-day deadline, the BIA did not abuse its discretion in denying her motion.

For these reasons, we will grant the government's motion to dismiss the petition for review to the extent it challenges any action of the BIA save its 2012 Order denying the most recent motion to reconsider. To the extent the petition for review is within our

4

jurisdiction, it presents no substantial question; we will therefore grant the government's motion to summarily deny the petition for review.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).  Dwiyanti's motion for a stay of removal and request for a mediator are denied.