**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1481
_____

FLORA PERGJONI,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-954-799)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2013

Before:  AMBRO, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed: July 17, 2013)
_____

OPINION
_____

PER CURIAM

Flora Pergjoni, proceeding pro se, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying her motion to reopen her removal proceedings. For the reasons set forth below, we will deny the petition for review.

On August 1, 2000, Pergjoni, a native and citizen of Albania, attempted to enter the United States at New York, New York. She was served with a Notice to Appear ("NTA") charging her with removability for seeking to procure admission into the United States through fraud or misrepresentation and for failing to possess a valid entry document. She was paroled into the United States on September 7, 2000. (A.R. 130.)

Pergjoni filed a motion for change of venue with the immigration court, wherein she conceded removability.[1] She also stated that she intended to file an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The Immigration Judge ("IJ") ordered Pergjoni to file an asylum application by December 28, 2000. On January 30, 2001, the Government filed objections to her request for change of venue and noted that she failed to file her asylum application. Pergjoni did not respond and never filed an asylum application. As a result, she was ordered removed on February 20, 2001, after the IJ determined that her "oral applications" for asylum, withholding of removal, and CAT protection were abandoned. (A.R. 118.)

---

[1] Pergjoni was represented by counsel throughout the immigration proceedings below.

Ten years later, the Department of Homeland Security placed Pergjoni under an order of supervision. (A.R. 81.) She then filed a motion to reopen her removal proceedings based on ineffective assistance of counsel. The IJ denied that motion as untimely and found that she was not entitled to equitable tolling because she did not exercise the requisite due diligence in the intervening ten years. (A.R. 32.) The BIA agreed with the IJ and dismissed Pergjoni's appeal. (A.R. 3-4.) Her petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and review the BIA's denial of a motion to reopen for abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). The BIA's decision is entitled to "broad deference," Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003) (internal quotation marks and citation omitted), and "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law," Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (citation omitted).

With limited exceptions, a motion to reopen must be filed within ninety days of the date of entry of a final administrative order. 8 U.S.C. § 1229a(c)(7)(C)(i). It is undisputed that Pergjoni's motion to reopen was filed ten years after the IJ entered a final order of removal. To circumvent that time limit, Pergjoni argued that she was entitled to equitable tolling due to ineffective assistance of counsel.[2] Ineffective assistance can provide a basis for equitable tolling of the time to file a motion to reopen in immigration

---

[2] Pergjoni did not allege changed country conditions in Albania, see 8 U.S.C. § 1229a(c)(7)(C)(ii). (A.R. 3 n.1.)

3

cases if the petitioner can demonstrate diligent pursuit of her claims. See Mahmood v. Gonzales, 427 F.3d 248, 250 (3d Cir. 2005).

The BIA found that Pergjoni had not pursued her claims with due diligence because she did not contact her former counsel, engage new counsel, or take any other steps regarding her case during the ten years after she was ordered removed. (A.R. 4.) Pergjoni asserts that she called her former counsel after she received the 2001 order of removal, and he said that he would "take care of everything" and file a motion to reopen. (Pet'r Br. p. 4.) Other than making that one phone call, Pergjoni does not point to any other actions to demonstrate that she diligently pursued her claims from 2001 to 2011. See Mahmood, 427 F.3d at 252; see also Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011) ("Due diligence must be exercised over the entire period for which tolling is desired."). The BIA did not abuse its discretion in finding a lack of due diligence, nor was that conclusion arbitrary or contrary to law. We will, therefore, deny Pergjoni's petition for review.