**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3293
_____

JUAN CARLOS ARGUETA DOMINGUEZ,
                                                                Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                                                Respondent
_____

On Petition for Review of an Order of
The Board of Immigration Appeals
(Agency No. A073-540-992)
Immigration Judge: Robert P. Owens
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 8, 2019
_____

Before: SHWARTZ, KRAUSE, and FUENTES, Circuit Judges.

(Filed: July 22, 2019)

_____

OPINION*
_____

SHWARTZ, Circuit Judge.

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Juan Carlos Argueta Dominguez petitions for review of an order from the Board of Immigration Appeals ("BIA") denying his motion to reopen. Because the BIA did not abuse its discretion, we will deny the petition.

I

Dominguez is a native and citizen of Guatemala who entered the United States without inspection in 1991. In 2000, he was served with a Notice to Appear that charged him with removability, which he conceded. He then sought asylum, withholding of removal, and Convention Against Torture ("CAT") relief. In 2006, Dominguez added a request for cancellation of removal.

In 2008, Dominguez attended his removal proceedings with counsel and withdrew his requests for asylum, withholding of removal, and CAT relief, leaving only his cancellation of removal claim. The Department of Homeland Security moved to pretermit the application for cancellation of removal, contending that Dominguez failed to satisfy the continuous physical presence requirement. See 8 U.S.C. § 1229b(b)(1)(A) (allowing for cancellation of removal if alien has been physically present in the United States for at least ten years). Counsel for Dominguez stated that Dominguez may "not have the ten years" needed for cancellation of removal. AR 363. The IJ granted the motion to pretermit and ordered that Dominguez be removed. Dominguez appealed the IJ's decision. In 2009, the BIA dismissed Dominguez's appeal, concluding that he voluntarily withdrew his asylum, withholding of removal, and CAT claims, and was

2

ineligible for cancellation of removal because he failed to satisfy the continuous physical presence requirement.[1]

In 2018, Dominguez moved to reopen his removal proceedings, arguing that (1) his previous attorney gave ineffective assistance by withdrawing Dominguez's claims for relief, and (2) the Guatemalan military would persecute him because he is indigenous. The BIA denied the motion because Dominguez failed to exercise due diligence in pursuing his ineffective assistance claim, showed no prejudice from the ineffective assistance he allegedly received, and did not introduce evidence of changed country conditions.

Dominguez petitions for review of the order denying his motion to reopen.

## II[2]

Generally, a motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). Because Dominguez filed his motion to reopen several years after the BIA dismissed his appeal, he relies on two exceptions to the 90-day deadline: equitable tolling and changed country conditions. Neither exception applies here.

## A

---

[1] With new counsel, Dominguez moved for reconsideration of the BIA's decision, but the BIA denied the motion.

[2] The BIA had jurisdiction under 8 C.F.R. § 1003.2(c). We have jurisdiction under 8 U.S.C. § 1252(a). We review the BIA's decision to deny a motion to reopen for abuse of discretion. Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009). We review the BIA's factual determinations under the "substantial evidence standard" where a "finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

The time limit for filing a motion to reopen may be equitably tolled based on ineffective assistance of counsel if the alien shows due diligence. Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011) (citing Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005)). An alien must exercise due diligence over the "period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." Id. (internal quotation marks omitted).

Substantial evidence supports the BIA's determination that Dominguez failed to diligently pursue his ineffective assistance of counsel claim. The BIA dismissed his first appeal in 2009, but Dominguez waited almost nine years before filing the motion to reopen. With his motion, Dominguez included a 2018 ethics grievance form he filed against the attorney who withdrew several of his claims for relief almost ten years earlier, but the form does not discuss any efforts before 2018 in pursuing an ineffective assistance claim. Moreover, Dominguez's affidavit supporting his motion to reopen does not explain why he waited nine years to raise his previous attorney's alleged ineffective assistance. Because of his "period[] of unaccounted-for delay," Dominguez is not entitled to equitable tolling. Mahmood, 427 F.3d at 253.

B

Dominguez's argument that changed country conditions in Guatemala warrant the reopening of his removal proceedings also fails. The time limit for motions to reopen does not apply if the alien demonstrates "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii); Shardar v. Att'y Gen., 503 F.3d 308, 313 (3d

4

Cir. 2007). The evidence of changed circumstances must be "material" and unavailable at the original removal proceeding. 8 C.F.R. § 1003.2(c)(3)(ii).

Substantial evidence supports the BIA's conclusion that Dominguez failed to show conditions in Guatemala materially changed from the time of his merits hearing in 2008 to the time he filed his motion to reopen in 2018. In his motion to reopen, Dominguez contended that he would be persecuted upon his return to Guatemala because he is indigenous. Dominguez, however, did not explain how violence towards the indigenous population in Guatemala changed in the past decade. For instance, Dominguez relies on a newspaper article that discussed violence in Central American countries, but the article does not explain whether the current level of violence increased from previous years or even whether the violence was directed toward indigenous people. Dominguez also points to the genocide of indigenous people in the early 1980s, but he presented no evidence showing similar activity in Guatemala between 2008 and 2018. Because Dominguez failed to show changed country conditions, the BIA did not err in denying his motion to reopen.

In sum, the BIA did not abuse its discretion in denying Dominguez's motion to reopen because neither asserted exception to the 90-day deadline for filing motions to reopen applies.

III

For the foregoing reasons, we will deny Dominguez's petition for review.

5