**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2099
_____

KARIM DAOUD MAHMOUD SALEM,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision
of the Board of Immigration Appeals
(Agency No. A098-493-273)
Immigration Judge: Mirlande Tadal
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 15, 2022

Before: JORDAN, KRAUSE, and PORTER, *Circuit Judges*

(Filed: March 18, 2022)

_____

**OPINION**[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Petitioner Karim Ahmed Daoud Mahmoud Salem, a native and citizen of Egypt, petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. For the reasons set forth below, we will deny the petition.

## I. DISCUSSION[1]

Salem contends that the BIA erred in declining (1) to excuse his non-compliance with the requirements of 8 U.S.C. § 1229a(c)(7) in view of his claim of ineffective assistance of counsel (IAC); (2) to reopen his case *sua sponte*; and (3) to dismiss the case for lack of jurisdiction based on a defective Notice to Appear (NTA) under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). None of these arguments is persuasive.

First, Salem argues that the BIA erred in denying his motion to reopen as time- and number-barred because, although it was a successive motion to reopen[2] and was filed

---

[1] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b) and 1240.15, and we exercise jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen under the highly deferential abuse of discretion standard. *See Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004). This means we will reverse the BIA's denial only if it is "arbitrary, irrational, or contrary to law." *Rranci v. Att'y Gen.*, 540 F.3d 165, 171 (3d Cir. 2008) (internal quotation omitted). However, questions of law, such as a claim for ineffective assistance of counsel, are reviewed *de novo*. *See Fadiga v. Att'y Gen.*, 488 F.3d 142, 153–54 (3d Cir. 2007).

[2] Salem filed two motions prior to this one. The first, filed on August 9, 2010, was styled as a motion to reopen, but the BIA construed it as a motion to reconsider because it presented no new facts or evidence but instead argued only that the Board erred in its prior decision. The second, which he filed on February 25, 2011, was conversely labeled a motion to reconsider, but the Board construed it as a motion to reopen because it sought to introduce new evidence. It is immaterial for purposes of this appeal whether we consider

2

many years after the 90-day deadline, *see* 8 U.S.C. § 1229a(c)(7), equitable tolling was warranted in view of the alleged ineffective assistance of his prior counsel. Specifically, he contends that he was prejudiced by prior counsel's failure to communicate the consequences of the voluntary departure order entered against him and to advise him of the steps he could take to challenge that order, and that he could not reasonably discover that prejudice until 2019, when his new counsel explained "the extent of the damage." Pet'r's Br. 30.

Salem is right that the time limit for filing a motion to reopen may be subject to equitable tolling.[3] *See Alzaarir v. Att'y Gen.*, 639 F.3d 86, 90 (3d Cir. 2011). But to show that equitable tolling is warranted based on ineffective assistance of counsel, a petitioner must both substantiate his IAC claim and demonstrate that he exercised due diligence over the entire period for which tolling is desired, including "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Id.* (internal quotation omitted). Salem failed to make that showing here.

In particular, although Salem asserts that he "has taken diligent steps to contest his removal" for the entirety of the tolling period, Pet'r's Br. at 33, he does not explain what

---

the instant motion to be Salem's second or third because our analysis would be the same in either case.

[3] "We have not issued a precedential opinion deciding whether *numerical* limits on motions to reopen may be equitably tolled." *Luntungan v. Att'y Gen.*, 449 F.3d 551, 557 (3d Cir. 2006). We need not address that issue here because Salem is not entitled to equitable tolling in any event.

actions, if any, he took between February 2013, when United States Citizenship and Immigration Services ("USCIS") revoked the form I-130 visa petition that his U.S. citizen wife filed on his behalf, and August 2018, when his wife filed another I-130 petition.[4]  Salem argues that the BIA should have excused his inaction because "[i]t ha[d] been [his] understanding that [his prior] attorney had filed the appeal and that the decision [requiring voluntary departure] had been revoked" until he hired new counsel in 2019 and discovered prior counsel's mistakes.  AR 161.  Yet Salem acknowledges that, as early as February 2013, he and his wife knew that USCIS had decided to revoke his wife's previously-approved I-130 petition due to their "fail[ure] to overcome derogatory information" previously raised in a notice of intent to revoke and that they had not had the opportunity to address that derogatory information because "Petitioner's prior counsel [had] failed to file a response."  Pet'r's Br. 34.  Despite that knowledge, however, Salem and his wife inexplicably waited over five years to file a new I-130 petition and hire a new lawyer.  Considering that delay, the BIA did not err in determining that Salem had not demonstrated the due diligence required for equitable tolling.  *See Mahmood v. Gonzales*, 427 F.3d 248, 252–53 (3d Cir. 2005) (finding a lack of due diligence based on a far shorter "period[] of unaccounted-for delay").

---

[4] As we affirm the BIA on this claim for lack of diligence, we have no occasion to address Salem's arguments concerning the Board's finding that he failed to substantiate his underlying IAC claim or the Immigration Judge's ("IJ") conclusion that did not comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).  In any event, the BIA did not rely on the IJ's *Lozada* finding, as it vacated the IJ's decision for lack of jurisdiction, *see infra*, and assumed that Salem had complied with *Lozada*.

Second, Salem asserts that the BIA erred when it failed to reopen his proceedings *sua sponte* pursuant to 8 C.F.R. § 1003.2(a), citing legal and factual errors in the Immigration Judge's ("IJ") analysis. Although we typically lack jurisdiction to review the BIA's decision not to reopen a case *sua sponte*, "we may exercise jurisdiction to the limited extent of recognizing when the BIA has relied on an incorrect legal premise." *Pllumi v. Att'y Gen.*, 642 F.3d 155, 160 (3d Cir. 2011). Here, when Salem appealed the instant motion to the BIA, the Board vacated the IJ's decision on the ground that the IJ did not have jurisdiction and considered Salem's motion as if it had been properly filed with the BIA in the first instance. Thus, the BIA's analysis was untainted by any purported errors in the IJ's decision. Because Salem has not identified any legal errors in the BIA's own analysis, we have no jurisdiction to review its decision to deny *sua sponte* reopening. *See id.*

Third and finally, Salem argues that the BIA should have dismissed his case for lack of jurisdiction because the NTA he received was defective under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), as it did not include the time and date on which the proceedings would be held, as required by 8 U.S.C. § 1229(a). This argument is foreclosed by our decision in *Chavez-Chilel v. Attorney General*, in which we held that failure to include the information required by § 1229(a) does not require termination of the immigration proceedings and thus is not a jurisdictional defect. 20 F.4th 138, 142–43 (3d Cir. 2021).

In sum, Salem has failed to establish error on the part of the BIA and is therefore not entitled to reopening.

5

**II.**     **CONCLUSION**

For the foregoing reasons, we will deny the petition for review.