**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2439
_____

JIAN JING LIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-526-670)
Immigration Judge:  Honorable Rosalind K. Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 6, 2013
Before:  FISHER, VANASKIE and ALDISERT, Circuit Judges

(Opinion filed: November 15, 2013)
_____

OPINION
_____

PER CURIAM

Jian Jing Lin ("Lin") petitions for review of the Board of Immigration Appeals'

(the "Board") denial of his motion to reopen.  For the reasons that follow, we will deny

the petition for review.

Jian Jing Lin, a native and citizen of the People's Republic of China, entered the United States in March 2006. Soon thereafter, the Department of Homeland Security charged him with removability pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant who, at the time of application for admission, was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document. In 2007, Lin appeared at a removal proceeding before an Immigration Judge ("IJ"). Although Lin conceded removability, he sought asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on the basis of his participation in underground Christian churches in China and his alleged violation of China's exit laws. In the alternative, Lin requested voluntary departure. After considering the documentary evidence and Lin's testimony, the IJ made an adverse credibility finding and determined that Lin had not sufficiently corroborated his asylum claim or otherwise demonstrated his eligibility for the relief he requested. The IJ also determined that Lin's asylum application was frivolous and that Lin was therefore not eligible for voluntary departure. The IJ then ordered Lin's removal to China.

On appeal to the Board, Lin challenged the IJ's findings regarding credibility, corroboration, country conditions, and the frivolity of Lin's asylum application. In August 2008, the Board determined that, even accepting Lin's testimony as credible, he had not demonstrated that he was the victim of past persecution in China and had not sufficiently corroborated his claim that he had a well-founded fear of future persecution

on the basis of his Christian religion.  Additionally, the Board found that Lin had not sufficiently supported his claim that he had illegally emigrated from China and would be persecuted by the Chinese government upon his return.  Although the Board rejected the IJ's finding that Lin filed a frivolous asylum application, it affirmed the parts of the IJ's order denying asylum, withholding of removal, and CAT relief.

More than four years later, in March 2013, Lin moved the Board to reopen his removal proceedings.  He claimed that he had received ineffective assistance of counsel during the removal proceedings and on appeal to the Board.  The Board rejected Lin's ineffective assistance claims and concluded that Lin's motion to reopen should be denied as untimely.  The Board also declined to exercise its authority to sua sponte reopen proceedings.  Through counsel, Lin filed a timely petition for review.[1]

## II.

We have jurisdiction under 8 U.S.C. § 1252, and we review denials of motions to reopen under a deferential abuse of discretion standard.[2]  See Sevoian v. Ashcroft, 290 F.3d 166, 170 (3d Cir. 2002).  "Discretionary decisions of the [Board] will not be disturbed unless they are found to be arbitrary, irrational or contrary to law."  Tipu v.

---

[1] We lack jurisdiction to review the portion of the BIA's decision that denied sua sponte reopening.  See Pllumi v. Att'y Gen., 642 F.3d 155, 159 (3d Cir. 2011).
[2] Because we find that the BIA's decision was not arbitrary, irrational, or contrary to law, we do not reach the BIA's alternative determination that Lin did not establish a prima facie case for asylum relief.  See Sevoian, 290 F.3d at 169-70 (3d Cir. 2002) (stating the BIA may deny a motion to reopen in asylum cases where it determines that "the movant would not be entitled to the discretionary grant of relief.") (citing INS v. Abudu, 485 U.S. 94, 105 (1988)).

INS, 20 F.3d 580, 582 (3d Cir. 1994) (internal quotation marks omitted). In general, motions to reopen must be filed within 90 days from the date "on which the final administrative decision was rendered in the proceeding sought to be reopened," see 8 C.F.R. § 1003.2(c)(2); see also 8 U.S.C. § 1229a(c)(7)(C), although this time limit is subject to equitable tolling, see Borges v. Gonzales, 402 F.3d 398, 406 (3d Cir. 2005). Lin does not dispute that his motion to reopen was filed more than 90 days after the Board's final decision. Rather, he argued that the Board abused its discretion by refusing to equitably toll the 90-day time limitation for filing a motion to reopen on the basis of the alleged ineffectiveness of counsel.

Ineffective assistance of counsel can serve as a basis for equitable tolling, but it must be substantiated and accompanied by a showing of due diligence. See Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005). Due diligence must be exercised over the entire period for which tolling is desired, which "includes both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." See Rashid v. Mukasey, 533 F.3d 127, 132 (2d Cir. 2008). Here, Lin claimed that his former attorney failed at his original removal proceeding before the IJ to arrange for his pastor to corroborate (1) his claim of past persecution in China, and (2) the fact of his membership in a Christian church in Philadelphia. However, as the Board determined, Lin did not demonstrate that he diligently pursued this ineffectiveness claim. The IJ informed Lin of his failure to corroborate his asylum claim during the reading of the oral decision. On appeal, the

4

Board similarly indicated that Lin should have corroborated his claim. Thus, Lin was made aware of his attorney's alleged deficiency prior to the entry of the final order of removal. Nonetheless, he did not pursue his ineffective assistance of counsel claim until more than four years later. Although he asserts that he recently learned that his former attorney has been criminally indicted for committing fraud and illegally practicing law, he has not demonstrated that he was personally a victim of her alleged crimes.

After reviewing the record, we cannot conclude that the Board's decision was arbitrary, irrational, or contrary to law. Accordingly, we will deny the petition for review.