**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2903
_____

TINKU SHARMA,
                              Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
                              Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A075-875-015)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 19, 2013

Before: AMBRO, SHWARTZ and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 23, 2013 )
_____

OPINION
_____

PER CURIAM

        Tinku Sharma petitions for review of a decision of the Board of Immigration

Appeals.  For the reasons below, we will deny the petition for review.

Sharma, a native of India, was charged as removable in November 1998 as an alien present in the United States without being admitted or paroled and as an alien who fraudulently sought to procure an immigration benefit. See 8 U.S.C. § 1182(a)(6)(C)(i).[1] Sharma, then represented by counsel, conceded removability on the first ground but contested the second. He applied for withholding of removal and relief under the Convention Against Torture (CAT). After a hearing, the IJ sustained both charges of removability. She subsequently denied Sharma's applications for relief and ordered him removed. In March 2002, the BIA dismissed Sharma's counseled appeal on the ground that Sharma failed to file a brief. It also noted that it was not persuaded that the IJ's resolution of the case was in error.

In April 2002, Sharma filed a counseled motion to reopen in order to seek adjustment of status based on his marriage to a new wife, Mansi, whom he married in December 1999, and who had just become a citizen. In March 2003, the BIA denied the motion to reopen. It concluded that Sharma was barred from adjustment of status because he was inadmissible based on fraud. See 8 U.S.C. § 1154(c). Thus, he could not establish prima facie eligibility for the relief he was seeking.

Over ten years later, in May 2013, Sharma filed a second counseled motion to reopen. He argued that his prior attorneys never informed the BIA that he was eligible for a waiver of inadmissibility. He requested an opportunity to reinstate his initial appeal

_____

[1] Sharma's wife at the time, Wanda, had admitted that she and Sharma never lived together and she married him so he could obtain immigration benefits. She withdrew the

and to apply for adjustment of status. He alleged that his former attorney had been convicted of immigration fraud and disbarred. In June 2013, the BIA denied the motion to reopen as untimely and number-barred. Sharma sought tolling of the time and number restrictions on the basis of ineffective assistance of counsel, but the BIA determined that he had not complied with the requirements of In re Lozada, 19 I. & N. Dec. 637 (BIA 1988).

The BIA also determined that Sharma had not shown a prima facie case for a waiver under 8 U.S.C. § 1182(i) in order to adjust his status. That section allows for the Attorney General, in his discretion, to waive inadmissibility based on fraud if the refusal of admission of the alien would result in extreme hardship to a citizen or lawful permanent resident spouse. The BIA noted that Sharma had not submitted any evidence to show hardship to a qualifying relative. Thus, the BIA concluded, Sharma could not show prejudice from any ineffective assistance of counsel. Sharma filed a timely pro se petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). An alien generally may file only one motion to reopen, and must file the motion "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C.

---

visa petition she had filed on his behalf.    3

§ 1229a(c)(7)(C)(i). We have held that the deadline for motions to reopen may be equitably tolled on the basis of ineffective assistance of counsel. See Mahmood v. Gonzales, 427 F. 3d 248, 251 (3d Cir. 2005). In Mahmood, we concluded that the alien's allegations of ineffective assistance of counsel were sufficient, if substantiated, to provide a basis for equitable tolling but that the alien had not acted with diligence. We noted that equitable tolling is an extraordinary remedy. Id. at 253.

In his brief, Sharma argues that he never learned of the March 2002 dismissal of his appeal by the BIA. He contends that it would have been futile to file a complaint against his former counsel, Jonathan St. Preux, because he had been disbarred in 2007. However, as noted by the BIA, Sharma was represented on appeal to the BIA and on his first motion to reopen by Pierre Eloi, who had been associated with St. Preux. Sharma has not explained why he did not inform Eloi of the allegations against him and give him an opportunity to respond. Lozada, 19 I. & N. Dec. at 639. Nor does Sharma explain why he waited over ten years since the dismissal of the appeal and the denial of the first motion to reopen to challenge prior counsel's representation.

The BIA did not abuse its discretion in determining that Sharma's motion to reopen was untimely and that he failed to substantially comply with the requirements of Lozada to establish ineffective assistance of counsel for equitable tolling. Accordingly, we will deny the petition for review.