**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1263
_____

CHUNLONG LIN, a/k/a Chung Rong Lin, a/k/a Chungpong Lin
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-670-042)
Immigration Judge:  Honorable Susan G. Roy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2014
Before:  FISHER, VANASKIE and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 6, 2014)
_____

OPINION
_____

PER CURIAM

Chun Rong Lin[1] petitions for review of the Board of Immigration Appeals' denial

of his motion to reopen.  For the reasons that follow, we will deny the petition for review.

_____

[1] Petitioner has stated that his name was previously misspelled in documents related to
his case and that this is his preferred spelling.

I.

Lin, a citizen of China, entered the United States in 2006. Shortly thereafter, he was served with a notice of appeal charging him as removable pursuant to 8 U.S.C. § 1182(a)(6)(A) as an alien present in the United States without being admitted or paroled. At his immigration hearing, Lin conceded his removability as charged, but sought asylum, withholding of removal, and relief under the Convention Against Torture on the basis of China's family planning policy and his fear of being forcibly sterilized should he return to China. After the Immigration Judge ("IJ") determined that Lin had not credibly testified as to the number of forced abortions and sterilization attempts that he and his wife had experienced, she entered an order of removal against Lin on February 4, 2009.

Lin appealed to the Board of Immigration Appeals ("the Board") arguing, among other issues, that the inconsistencies in his testimony were due to memory impairment following a head injury. The Board reviewed the inconsistencies contained in the record and compared Lin's asylum applications with his testimony on direct and cross examination, and found no clear error in the IJ's adverse credibility determination. The Board then stated that Lin had not provided any evidence to support his claim of memory loss. The Board also noted that, even had Lin's testimony been credible, "he would not be able to establish asylum eligibility based on his wife's forced abortion and sterilization." Accordingly, the Board dismissed Lin's appeal on December 11, 2009.

More than three years later, Lin filed a motion to reopen with the Board. He sought to present evidence to support his claim that he suffered from a cognitive disability. The Board first found that Lin's motion to reopen was untimely, as it had not been filed within 90 days of the Board's December 11, 2009 order. The Board also found that Lin could not demonstrate that his evidence of cognitive disability was new or previously unavailable because the documents he sought to submit were from 2001, 2002, and 2004 (i.e. before his removal hearing). Further, Lin had not argued that the documents were previously unavailable. Finally, the Board found that no exceptional circumstances existed warranting the exercise of its sua sponte discretion to reopen proceedings. The Board therefore denied Lin's motion. Lin, pro se, filed a timely petition for review.

## II.

We have jurisdiction under 8 U.S.C. § 1252, and we review denials of motions to reopen under a deferential abuse of discretion standard.[2] See Sevoian v. Ashcroft, 290 F.3d 166, 170, 171 (3d Cir. 2002). "Discretionary decisions of the [Board] will not be disturbed unless they are found to be 'arbitrary, irrational or contrary to law.'" Tipu v. I.N.S., 20 F.3d 580, 582 (3d Cir. 1994). In general, motions to reopen must be filed within 90 days from the date "on which the final administrative decision was rendered in the proceeding sought to be reopened." See 8 C.F.R. § 1003.2(c)(2); see also 8 U.S.C.

_____

[2] We lack jurisdiction to review the portion of the Board's decision that denied sua sponte reopening. See Pllumi v. Att'y Gen. of the U.S., 642 F.3d 155, 159 (3d Cir. 2011).

§ 1229a(c)(7)(C).  Lin did not dispute that his motion to reopen was filed more than 90 days after the agency's final decision.  Rather, he argued that it took him three years to obtain Chinese medical records documenting his cognitive impairments, and that he filed the motion to reopen soon after he received them.  Nevertheless, Lin did not establish a basis for equitably tolling the time to file a motion to reopen.[3]  The Board thus did not act irrationally, arbitrarily, or contrary to law in denying his motion.  See Tipu, 20 F.3d at 582.

      Accordingly, we will deny the petition for review.

---

[3] While changed country conditions may serve as a basis for tolling the 90-day time period, see Pllumi, 642 F.3d at 161, Lin has not argued the existence of changed country conditions.  Ineffective assistance of counsel can also serve as a basis for equitably tolling the time to file a motion to reopen if substantiated and accompanied by a showing of due diligence, see Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005), but Lin has not made such a claim.