NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2111

_____

YUJIN QUAN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of a Final Order of the Board of Immigration Appeals
Immigration Judge:  Hon. Annie S. Garcy
(A089-254-418)

_____

Submitted under Third Circuit LAR 34.1(a)
on March 14, 2016

Before: FUENTES, CHAGARES, and RESTREPO, <u>Circuit Judges</u>

(Opinion Filed:  September 1, 2016)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, Circuit Judge.

Petitioner Yujin Quan seeks review of an order of the Board of Immigration Appeals ("BIA") denying her motion to reopen removal proceedings. For the following reasons, we will deny the petition.

**I.**

Quan, a citizen of the People's Republic of China, illegally entered the United States in 2007. After being served with a Notice To Appear in Immigration Court, Quan conceded removability and applied for asylum. Quan's attorney submitted an incomplete asylum application with an accompanying personal statement that had another applicant's name on it. At a February 2009 merits hearing on her asylum application, the Immigration Judge ("IJ") instructed Quan to file a corrected application by April 30, 2009, and rescheduled the merits hearing to "Friday, July 9, 2009." Immediately thereafter, the IJ issued a corrected notice rescheduling the hearing for "Friday, July 10, 2009" and informed Quan's attorney of the change telephonically. Quan did not file a corrected application, and her attorney did not show up in court on either July 9 or July 10. On July 10, 2009, the IJ denied Quan's application as abandoned and issued a final order of removal.

Quan did not appeal the IJ's decision, did not move to reconsider, and did not move to reopen within 90 days as the law requires. Instead, five months after the decision, Quan retained different counsel, and in March 2010—eight months after the IJ's decision—Quan filed an untimely motion to reopen, along with the corrected asylum

2

application that should have been filed almost one year earlier. She claimed that the mistakes in her initial asylum application were the result of a "clerical error," but did not argue that her first attorney provided ineffective assistance. The IJ denied the motion as untimely and refused to exercise her sua sponte authority to reopen because Quan had been dilatory in failing to approach her second attorney until almost five months after the first decision. Quan then retained a third attorney and appealed the denial of the motion to reopen. The BIA affirmed in April 2012, holding that the motion to reopen was untimely and that Quan could not introduce ineffective assistance arguments that had not been raised below. The BIA also concluded that even if it were to consider the asylum application on the merits, Quan had not established prima facie eligibility for asylum relief. Quan did not appeal this ruling.

Almost three years later, in January 2015, Quan—now on her fourth attorney—filed a motion to reopen with the BIA, essentially asking it to revisit the April 2012 ruling. Although motions to reopen a BIA proceeding must be filed within 90 days of the decision, Quan argued that the filing period should be equitably tolled because she received ineffective assistance of counsel from all three of her prior attorneys. The BIA rejected this argument and denied the motion as untimely, explaining that Quan had offered no reasonable explanation for waiting almost three years to file the motion to reopen. This petition for review followed.

**II.**[1]

We review the BIA's denial of a motion to reopen[2] for abuse of discretion, and will only reverse if the decision was "arbitrary, irrational, or contrary to law."[3]   There is no dispute that Quan's January 2015 motion to reopen was untimely.[4]  The time limit for filing a motion to reopen can be equitably tolled, however, if the delay was occasioned by ineffective assistance of counsel.[5]   But the alien must show that she exercised due diligence over the entire period for which tolling is sought.[6]

We will assume that Quan's first counsel rendered ineffective assistance in connection with her 2009 asylum application.  But that attorney played no role in litigating the April 2012 BIA decision that is the subject of the instant petition to reopen. Quan does not explain how, if at all, she received ineffective assistance from the attorney who handled the 2012 BIA appeal, much less how any such ineffectiveness resulted in Quan's failure to timely move to reopen that proceeding.  Nor has she adequately explained why she waited almost three years after the April 2012 decision to seek

---

[1] The BIA had jurisdiction to review Quan's motion to reopen under 8 C.F.R. § 1003.2(a) and (c).  We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252(a).

[2] We do not understand Quan to be seeking direct review of the BIA's April 2012 decision affirming the IJ's denial of her March 2010 motion to reopen.  Because Quan never petitioned for review of that decision, we lack jurisdiction to review it.  *See* 8 U.S.C. § 1252(b)(1) (alien seeking review of final removal order must file a petition for review within 30 days of the order); *Stone v. INS*, 514 U.S. 386, 405 (1995) (provisions in Immigration and Nationality Act specifying timing of review are jurisdictional in nature).

[3] *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004) (internal quotation marks omitted).

[4] *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened"); Pet. Br. 7-10.

[5] *Mahmood v. Gonzales*, 427 F.3d 248, 251-52 (3d Cir. 2005).

[6] *Alzaarir v. Attorney General*, 639 F.3d 86, 90 (3d Cir. 2011).

4

reopening. All she says is that the law office that handled her 2012 BIA appeal told her "the chances of success on appeal to [the] federal appeals court were very low," and that thereafter she "consulted several more attorneys" who told her they "could not assist" her.[7] Quan does not provide any detail about her efforts, including how many attorneys she consulted, when she consulted them, or why they could not help her. Accordingly, we see no legal basis for equitable tolling, and the BIA did not abuse its discretion in determining that Quan failed to demonstrate due diligence.

## III.

For the foregoing reasons, we will affirm the judgment of the BIA and deny Quan's petition for review.

---

[7] AR 164.